## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 8:18-cr-523-CEH-SPF

EFREN ANGULO LOANGO

_____

### ORDER

This cause comes before the Court on Defendant Efren Angulo Loango's Request for Disposition of Pending Charges Pursuant to the Interstate Agreement on Detainers Act (IADA) of 1970 (Doc. 123) and the Government's response in opposition (Doc. 135).

Defendant is a prisoner at the Federal Correctional Complex in Yazoo City, Mississippi. Defendant files this *pro se* motion requesting relief under the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. App. 2. Defendant alleges that a detainer has been placed against him due to a pending charge and is affecting his ability to enroll in certain programs, earn good time credits, and receive half-way house placement. Defendant requests that his charge of conspiracy to possess with intent to distribute five kilograms or more of cocaine in 8:18-cr-523 be brought to a disposition.

The Government responds that the IADA only applies to detainers based on outstanding criminal charges. The Government argues that Defendant does not list any outstanding pending charges rather he only lists the criminal charge in this case in

which a final judgment has been entered. The Government conferred with the Bureau of Prisons and confirmed that Defendant has no other warrants or detainers.

The IADA "provides a procedure by which a prisoner against whom a detainer has been filed can demand a speedy disposition of the charges giving rise to the detainer." *United States v. Mauro,* 436 U.S. 340, 351 (1978). When there is a pending "indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner," he may request from a court "a final disposition to be made of the indictment, information or complaint." 18 U.S.C. App. 2. After the request is made, the IADA requires the government to bring a prisoner to trial within 180 days. *Id.*

The Government is correct that the IADA only applies to outstanding criminal matters. *Hunter v. Samples*, 15 F.3d 1011, 1012 (11th Cir. 1994) ("The IADA is a compact entered into by 48 states and the United States whose purpose is to efficiently dispose of outstanding criminal charges brought against prisoners incarcerated in other jurisdictions."). Defendant lists his pending charge of conspiracy to possess with intent to distribute five kilograms or more of cocaine in 8:18-cr-523, which is this case. A final judgment has already been entered on this charge. Doc. 75. This charge is no longer pending or outstanding, thus Defendant cannot seek relief under the IADA.

Accordingly, it is **ORDERED:**

1) Defendant's Request for Disposition of Pending Charges Pursuant to the Interstate Agreement on Detainers Act (IADA) of 1970 (Doc. 123) is **DENIED**.

2

**DONE** and **ORDERED** in Tampa, Florida on March 19, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record; Unrepresented Parties

3